**Rory HOLLOWAY and John Horne, Plaintiffs–Appellants,**

v.

**Don KING, Dkp Corporation, Don King Productions, Inc., Kingvision Pay Per View, Ltd., Don King International Sales, and Charles Lomax, Defendants–Appellees.**

No. 05–2110–CV.

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Michael Flomenhaft, New York, NY, for Plaintiffs–Appellants.

Peter Fleming, Jr. and Benard Preziosi, Jr., of New York, NY, for Defendants–Appellees.

Present: Joseph M. McLAUGHLIN, Rosemary S. POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants ("appellants") filed a Notice of Appeal on April 28, 2005, from a final judgment of the United States District Court for the Southern District of New York (Kaplan, *Judge*), entered on April 28, 2005, which granted the defendants-appellees' ("appellees") motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b). *Holloway v. King,* 361 F.Supp.2d 351 (S.D.N.Y.2005). The district court granted defendant Charles E. Lomax's ("Lomax") unopposed motion to dismiss, in an order dated March 17, 2005. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

This Court applies *de novo* review where the district court dismissed the underlying

complaint from a motion under Fed. R.Civ.P. 12(b)(6). *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001). In reviewing a decision on a motion to dismiss under Rule 12(b)(6), this Court "must accept as true all the factual allegations in the complaint," *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and "draw all reasonable inferences in plaintiffs' favor," *Freedom Holdings, Inc. v. Spitzer,* 357 F.3d 205, 216 (2d Cir.2004). The motion should be granted only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985) (citation omitted). In this case, appellants can prove no set of facts in support of their claim, which would entitle them to relief.

■ Fed.R.Civ.P. 12(b) reads, in part: [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*See also Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir.1988); *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000). However, "[w]here plaintiff has actual notice of all the information in the movant's papers and

has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991). Further, a complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995) (per curiam)); *see also Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers,* 282 F.3d at 153 (quoting *Audiotext,* 62 F.3d at 72). Here, the contract at issue was clearly incorporated by reference. In *Chambers,* contracts were considered because the amended complaint was "replete with references to the contracts and request[ed] judicial interpretation of their terms." 282 F.3d at 154 n. 4.

■ We next decide that it was also proper for the district court to invoke the parol evidence rule to grant the Rule 12(b)(6) motion to dismiss. A district court explained in *Dujardin v. Liberty Media Corp.,* 359 F.Supp.2d 337 (S.D.N.Y. 2005), "[i]t is generally understood that the purpose of an integration clause 'is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing.'" *Id.* at 356 (quoting *Primex Int'l Corp. v. Wal–Mart Stores, Inc.,* 89 N.Y.2d 594, 600, 657 N.Y.S.2d 385, 679 N.E.2d 624 (N.Y.1997)). Here, as in *Dujardin,* the integration clause prohibits the court from considering any oral con-

tract that was allegedly made prior to the written agreement, since parol evidence to vary, contradict, or supplement the terms of a fully integrated agreement is not admissible. *See Primex*, 89 N.Y.2d at 600, 657 N.Y.S.2d 385, 679 N.E.2d 624. As the lower court properly found, absent an allegation of fraud (of which there was none), the presence of an integration or merger clause triggers the parol evidence rule. *Holloway*, 361 F.Supp.2d at 358 (citing *Primex*, 89 N.Y.2d at 599, 657 N.Y.S.2d 385, 679 N.E.2d 624).

■ Finally, equitable estoppel "will arise where one party rightfully relies upon the word or deed of another party and in 'so relying, changes his position to his injury.'" *Special Event Entertainment v. Rockefeller Center, Inc.*, 458 F.Supp. 72, 76 (S.D.N.Y.1978) (quoting *Metro. Life Ins. Co. v. Childs Co.*, 230 N.Y. 285, 292, 130 N.E. 295 (1921)). This Court held in *Philo Smith & Co. v. USLIFE Corp.*, 554 F.2d 34 (2d Cir.1977), that the injury must be "to such an extent and so substantial in quality as to irremediably alter his situation and make the interposition of the statute against performance a fraud." *Id.* at 36 (quoting *Woolley v. Stewart*, 222 N.Y. 347, 350–51, 118 N.E. 847 (1918)). This Court held in *Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821 (2d Cir.1994), "[t]o invoke the power that equity possesses to trump the Statute of Frauds plaintiff must demonstrate 'unconscionable' injury, i.e., injury beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable agreement." *Id.* at 825.

Appellants have pled no facts suggesting that they personally suffered any injury to "such an extent and so substantial in quality as to irremediably alter [their] situation and make the interposition of the statute

against performance a fraud." *Woolley*, 222 N.Y. at 350–51, 118 N.E. 847.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.